JS 44 (Rev. 12/07)

**PBT**

## CIVIL COVER SHEET

**14 3984**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Christiana Mall, LLC

### DEFENDANTS
David M. Shafkowitz, Esquire, et al.

**(b)** County of Residence of First Listed Plaintiff    New Castle
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Montgomery
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Gavin P. Lentz, Esquire and Vincent van Laar, Esquire, Bochetto & Lentz, P.C., 1524 Locust Street, Philadelphia, PA 19102 , (215) 735-3900

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332 and 28 U.S.C. § 1391
Brief description of cause:
Legal Malpractice Negligence

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ in excess of $150,000    CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 6/26/14

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 12/07)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

    (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

    (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**     **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**     **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**     Example:     U.S. Civil Statute: <u>47 USC 553</u>
    Brief Description: <u>Unauthorized reception of cable service</u>

**VII.**     **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**     **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:_____ 715 Christiana Mall, Newark, Delaware 19702

Address of Defendant:___ 730 East Elm Street, Conshohocken, PA 19428

Place of Accident, Incident or Transaction:_____ Eastern District of Pennsylvania _____
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))
Yes☐  No☒

Does this case involve multidistrict litigation possibilities?          Yes☐   No☒
RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
     (Please specify)

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☒ All other Diversity Cases
   (Please specify) Legal Malpractice Negligence

**ARBITRATION CERTIFICATION**
(Check appropriate Category)

I, __Gavin P. Lentz, Esquire_____, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: __6/26/14__          _____          __53609__
                          Attorney-at-Law                Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __6/26/14__          _____          __53609__
                          Attorney-at-Law                Attorney I.D.#

CIV 609 (6/08)

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _____715 Christiana Mall, Newark, Delaware 19702_____

Address of Defendant: _____730 East Elm Street, Conshohocken, PA 19428_____

Place of Accident, Incident or Transaction: _____ _____Eastern District of Pennsylvania_____
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))
Yes☐ No☒

Does this case involve multidistrict litigation possibilities? Yes☐ No☒
RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐ No☒

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☒ All other Diversity Cases
(Please specify) Legal Malpractice Negligence

**ARBITRATION CERTIFICATION**
(Check appropriate Category)

I, ___Gavin P. Lentz, Esquire___, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _6/26/14_        _____        _53609_
                                    Attorney-at-Law                         Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _6/26/14_        _____        _53609_
                                    Attorney-at-Law                         Attorney I.D.#

**APPENDIX I**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Christiana Mall, LLC | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| David M. Shafkowitz, Esquire, et al. | : | NO. |
| | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                    ( )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
   and Human Services denying plaintiff Social Security Benefits                              ( )

(c)  Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d)  Asbestos – Cases involving claims for personal injury or property damage from
   exposure to asbestos.                                                                      ( )

(e)  Special Management – Cases that do not fall into tracks (a) through (d) that are
   commonly referred to as complex and that need special or intense management by
   the court. (See reverse side of this form for a detailed explanation of special
   management cases.)                                                                         ( )

(f)  Standard Management – Cases that do not fall into any one of the other tracks.           (✗)

| | | |
|---|---|---|
| _6/26/14_ | **Gavin P. Lentz, Esq.** | _____ |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiffs** |
| | | |
| (215) 735-3900 | (215) 735-2455 | glentz@bochettoandlentz.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTIANA MALL, LLC** | : |
| 715 Christiana Mall | : |
| Newark, Delaware  19702 | : |
| | : |
| *Plaintiff* | : |
| vs. | : |
| | : |
| **DAVID M. SHAFKOWITZ, ESQUIRE** | : |
| 730 East Elm Street | : |
| Conshohocken, Pennsylvania 19428 | : |
| | : |
| And | : |
| | : |
| **LAW OFFICES OF DAVID M.** | : |
| **SHAFKOWITZ** | : |
| 730 East Elm Street | : |
| Conshohocken, Pennsylvania  19428 | : |
| | : |
| *Defendants* | : |
| | : |

Civil Case No.

**JURY TRIAL DEMANDED**

### CIVIL ACTION COMPLAINT

### (PROFESSIONAL NEGLIGENCE/ LEGAL MALPRACTICE)

**AND NOW** comes Plaintiff, Christiana Mall, LLC ("Plaintiff" and/or "Christiana Mall")

by and through the undersigned counsel, Bochetto & Lentz, P.C. ("B&L"), and avers the

following in support of the Complaint against all Defendants:

### I.  JURISDICTION AND VENUE

1.      This matter is properly filed in this District as there is complete diversity between

Plaintiff and all Defendants.  The amount in controversy exceeds the sum of $150,000, exclusive

of interest, fees and costs.  Jurisdiction is asserted pursuant to 28 U.S.C. § 1332 as all Defendants

are citizens of the Commonwealth of Pennsylvania and as the members of Plaintiff Christiana

Mall, LLC (a Delaware Company) are residents or citizens of states other than the Commonwealth of Pennsylvania.

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 as a substantial number of acts giving rise to this claim occurred in the Eastern District of Pennsylvania.

## II.  PARTIES

3.      Plaintiff, Christiana Mall, LLC ("Plaintiff" and/or "Christiana Mall") is a Delaware limited liability company (hereinafter "Christiana Mall") with a principal place of business located at 715 Christiana Mall, Newark, Delaware 19702. All members of Christiana Mall, LLC are residents or citizens of States other than the Commonwealth of Pennsylvania.

4.      Defendant, David M. Shafkowitz, Esquire (hereinafter "Attorney Shafkowitz") is a licensed Pennsylvania lawyer with a principal place of business located at 730 E. Elm Street, Conshohocken, PA  19428.  Attorney Shafkowitz is a citizen and resident of the Commonwealth of Pennsylvania.  Plaintiff is asserting a professional legal malpractice action against this Defendant. (*See* Certificate of Merit attached hereto as Exhibit "A.")

5.      Defendant, Law Offices of David M. Shafkowitz (hereinafter "Law Firm") is a Pennsylvania law firm with a principal place of business located at 730 E. Elm Street, Conshohocken, PA  18954.  Upon information and belief, Attorney Shafkowitz is an employee of the Law Firm.  Plaintiff is asserting a professional legal malpractice action against this Defendant based on both direct and vicarious liability. (*See* Certificate of Merit attached hereto as Exhibit "A.")

## III.  RELEVANT FACTUAL BACKGROUND

6.      On or about December 21, 2011, Plaintiff/Landlord Christiana Mall, LLC as the owner of Christiana Mall ("the Mall") and tenant MRF Atlantic, LLC a/k/a Mr. Fruz LLC / t/a/

Yogen Fruz ("MRF") entered into a binding lease A\agreement to operate a yogurt business located at 132 Christiana Mall, Suite 1135, Newark, Delaware 19702 ("the Lease").

7.    In furtherance of its business venture, MRF subsequently entered into a construction agreement with an outside contractor, Emory Hill and Company ("Emory") for work to be performed at the Yogen Fruz location that is the subject of the Lease.

8.    On October 21, 2012, Emory commenced a law suit asserting *inter alia* a mechanic's lien in the amount of $187,984.84 against the tenant MRF for the non-payment of labor and materials performed in connection with the construction of the store Yogen Fruz ("the Emory Complaint").

9.    In the Emory Complaint, Emory also asserted a Mechanics Lien claim against Plaintiff Christiana Mall as the owner of the premises leased by MRF and renovated by Emory.

10.    On November 7, 2012, the Emory Complaint was served on both MRF and Plaintiff Christiana Mall.

11.    In response to the Emory Complaint, Plaintiff Christiana Mall promptly sent to its tenant MRF a letter pursuant to the terms of the Lease and demanded MRF defend and indemnify Christiana Mall.

12.    Specifically, on November 9, 2012, Christiana Mall notified tenant MRF of the Emory Complaint and tendered its defense and request for indemnification to MRF pursuant to Lease Articles 14 and 20 . (*See* November 9, 2012 Letter, attached hereto as Exhibit "B" and incorporated by reference.)

13.    On or around November 19, 2012, tenant MRF *accepted* the complete defense and indemnification of Christiana Mall in the Emory Complaint. (*See* Acceptance signature by MRF, attached hereto as Exhibit "C.")

14.     Thereafter, tenant MRF engaged Attorney Shafkowitz and his law firm to represent the interests of both MRF and Christiana Mall, pursuant to Lease Articles 14 and 20 of and pursuant to the tender letter signed by MRF.

15.     At all times material hereto, Attorney Shafkowitz assured Christiana Mall that he was handling the Emory Complaint and would protect Plaintiff's interests in the legal proceedings.

16.     At all times material hereto, Attorney Shafkowitz assured Christiana Mall representatives that all required extensions of time had been obtained and that he was in the process of resolving the Emory Complaint on behalf of both MRF and Christiana Mall.

17.     Christiana Mall reasonably and justifiably relied on Defendant's representations.

18.     As early as of November 15, 2012, Attorney Shafkowitz, on behalf of MRF and Christiana Mall, had commenced settlement discussions with Emory's counsel regarding the Emory Complaint.

19.     Attorney Shafkowitz further advised Christiana Mall that he would notify them if the settlement discussions were unproductive.

20.     On or about December 11, 2012, counsel for Emory specifically advised Attorney Shafkowitz that an Answer would be due on December 31, 2012 or he would enter a default against Christiana Mall.

21.     Emory further advised Attorney Shafkowitz to notify Christiana Mall of its intentions to file a default. (*See* attached email from Emory, Exhibit "D.")

22.     Attorney Shafkowitz negligently failed to advise Christiana Mall of this written notice and failed to timely file an Answer on behalf of MRF and Christiana Mall.

23.     Although Attorney Shafkowitz was in contact with Christiana Mall on December 11, 2012 – the same day he was given written notice of default – he never advised Christiana Mall he had received a default notice.

24.     Attorney Shafkowitz further failed to notify Plaintiff Christiana Mall that an Answer to the Emory Complaint would be due on December 31, 2012.

25.     Attorney Shafkowitz also failed to advise Plaintiff Christiana Mall that he would not file an Answer on behalf of all the Defendants.

26.     As a direct result of Attorney Shafkowitz's negligent conduct, Plaintiff Christiana Mall sustained the following damages: entry of judgment in the amount of $187,984.84 in principal, $8,499.23 in post judgment interest, $69,000 in attorney's fees and $1,114.58 in costs, for a total of $266,598.65.

## COUNT I

### (LEGAL MALPRACTICE/PROFESSIONAL NEGLIGENCE)

### CHRISTIANA MALL v. LAW FIRM AND ATTORNEY SHAFKOWITZ

27.     Plaintiff hereby incorporates all previous paragraphs as though fully set forth at length herein.

28.     At all times material hereto, an attorney-client relationship both expressed and implied existed between Christiana Mall and Attorney Shafkowitz.

29.     At all times material hereto, Attorney Shafkowitz was an employee of the Law Firm.

30.     At the time Attorney Shafkowitz agreed to represent MRF and Christiana Mall pursuant to the signed acceptance of indemnity, he was duty bound to protect both MRF and Christiana Mall from the threatened default judgment.

31.     Attorney Shafkowitz however failed to practice within the standard of care and caused harm to Plaintiff.

32.     Attorney Shafkowitz further was negligent in assuring Christiana Mall orally and in writing that he was protecting its interests in the Emory Complaint.

33.     Despite these assurances which the Mall reasonably relied on, Attorney Shafkowitz completely ignored the deadlines which resulted in a default judgment.

34.     Defendants owed Plaintiff a duty of care in handling the defense of the Emory Complaint.

35.     Defendants breached said duty when they failed to timely file an Answer and/or obtain a proper extension to file an Answer despite that Defendants were advised in writing that counsel in the Emory case intended to take a default against the Mall.

36.     Defendants negligently failed to execute their basic professional obligations towards Plaintiff causing a default judgment to be entered against Plaintiff for the Emory Complaint.

37.     As a direct result of Defendants' negligent conduct, Plaintiff sustained significant economic damages and attorney's fees.

38.     As a direct and proximate result of Defendants' professional negligence, Plaintiff sustained substantial damages as set forth herein and to be presented at trial.

        **WHEREFORE**, Plaintiff respectfully requests this Court to enter judgment against Defendants, jointly and severally, in an amount in excess of $150,000 to fully compensate Plaintiff, including attorney's fees and for such further relief this Court deems equitable and just.

## COUNT II

## (NEGLIGENT MISPRESENTATION)

## (RESTATEMENT (SECOND) OF TORTS, SECTION 552)

## CHRISTIANA MALL v. ATTORNEY SHAFKOWITZ

39.     Plaintiff hereby incorporates all previous paragraphs as though fully set forth at length herein.

40.     At all times material hereto, Attorney Shafkowitz owed a duty to Plaintiff after he represented he would handle the Emory Complaint on behalf of MRF and Christiana Mall.

41.     At all times material hereto, Attorney Shafkowitz acted in the course of his profession as a licensed attorney.

42.     As set forth above, Attorney Shafkowitz represented he would represent the Christiana Mall in the Mechanics Lien Claim.

43.     Attorney Shafkowitz breached said duty of care when he misrepresented to Plaintiff that he had obtained an extension to file an Answer to the Emory Complaint and was in the process of settling the claim.

44.     The Christiana Mall reasonably and justifiably relied on Attorney Shafkowitz's material and negligent representations to its detriment.

45.     Attorney Shafkowitz failed to advise the Christiana Mall he had received a written notice of default.

46.     At all times material hereto, Attorney Shafkowitz should have known that his representations were false and/or misleading and that they would be relied on by Christiana Mall.

47.     It was foreseeable that Plaintiff would rely on Attorney Shafkowitz's representations to its detriment.

48.     Plaintiff Christiana Mall justifiably relied on Attorney Shafkowitz's representations.

49.     As a direct result of Attorney Shafkowitz's misrepresentations, Plaintiff sustained pecuniary and economic harm as set forth herein.

**WHEREFORE**, Plaintiff respectfully requests the Court to enter judgment against Defendants, jointly and severally, in an amount in excess of $150,000 to fully compensate Plaintiff, and for such further relief this Court deems equitable and just.

### COUNT III

### (NEGLIGENT SUPERVISION)

### <u>CHRISTIANA MALL v. LAW FIRM</u>

50.     Plaintiff hereby incorporates all previous paragraphs as though fully set forth at length herein.

51.     At all times material hereto, Law Firm failed to supervise its attorney and staff, including Attorney Shafkowitz, to assure that an Answer to the Emory Complaint on behalf of the Plaintiff would be timely filed.

52.     At no time did Law Firm take appropriate actions necessary to protect Plaintiff's interests.

53.     At all times materials hereto, Attorney Shafkowitz and his staff were employees and/or agents of the Law Firm who acted negligently.

54.     As a direct and proximate result of Defendant's negligent supervision, Plaintiff suffered the losses set forth above.

**WHEREFORE**, Plaintiff respectfully requests the Court to enter judgment against Defendants, jointly and severally, in an amount in excess of $150,000 to fully compensate Plaintiff, and for such further relief this Court deems equitable and just.

**BOCHETTO & LENTZ, P.C.**

Date:  June 25, 2014

BY:_____
Gavin P. Lentz, Esquire
Vincent van Laar, Esquire
Attorney I.D. Nos. 53609, 85672
1524 Locust Street
Philadelphia, Pennsylvania 19102
(215) 735-3900
(215) 735-2455 fax
glentz@bochettoandlentz.com
vvanlaar@bochettoandlentz.com

*Attorneys for Plaintiff*

# Exhibit "A"

## CERTIFICATE OF MERIT

**Certificate of Merit as to Defendant Attorney David Shafkowitz**

I certify that that there exists a reasonable probability that the care, skill and knowledge exercised and/or exhibited by Attorney David Shafkowitz in the practice and/or work that is the subject of the Complaint, *i.e* failing to timely file an Answer, fell outside the acceptable legal professional standards and that such conduct was a cause in bringing about the damages incurred by the Plaintiff.

Date: 1/30/14

# Exhibit "B"



Frank Francone
Development Manager-Legal
General Growth Properties
110 North Wacker Drive 1-16
Chicago, IL 60606
frank.francone@ggp.com
312-960-6476 (P)
312-206-4568 (C)
312-994-6691 (F)

November 9, 2012

***Via UPS Delivery***
MRF Atlantic, LLC
500 Worthington Mill Road
Richboro, PA 18954

Attn: General Counsel

**Re: Notice and Complaint filed by Emory Hill and Company**
**Case Number: N12L-10-021 JRJ**
**Tenant: MRF Atlantic LLC, a/k/a Mr. Fruz LLC / Trade Name "Yogen Fruz"**
**Mall: Christiana Mall LLC**

Dear Sir, Madam.

Enclosed please find a copy of the above referenced Notice and Complaint (the "Complaint") that was filed with the New Castle County Superior Court, Delaware and served on Christiana Mall LLC. The Complaint is associated with work that was done at the **Christiana Mall LLC** located in Newark, Delaware for work contracted by and completed for **MRF Atlantic LLC, a/k/a Mr. Fruz LLC ("MrFruz")**. Therefore, Pursuant to Article 14 of our Lease with **MrFruz** we request that **MrFruz** defend and indemnify Christiana Mall LLC from any and all liabilities and damages including costs and attorney fees incurred in this complaint/suit.

If **MrFruz** has resolved this matter please forward a <u>recorded</u> copy of the Release of Lien / Dismissal of Compliant/Suit/Lis Pendens to my attention.

**If your failure respond to this request requires us to retain counsel and assume our own defense in this Complaint/Suit, MrFruz may be placed in default of its lease and we will look to MrFruz for reimbursement of our defense costs.** Should you wish to discuss this matter further, please do not hesitate to contact me.

Sincerely,

Frank Francone

CC Kristen N. Pate, Esq.

# Exhibit "C"

Please provide an authorized agent's signature below as confirmation of Tenant's agreement to accept this tender of defense and demand for indemnification and return it to me within five (5) days of receipt of this letter.

Tenant:        **MRF Atlantic LLC, a/k/a Mr. Fruz LLC / Trade Name "Yogen Fruz"**

Mall:          **Christiana Mall LLC**

Claimant:      **Emory Hill and Company**

Name _____

Title _____

Date _____11- 14 -12_____

# Exhibit "D"

**Scott T. Earle**

| | |
|---|---|
| **From:** | Scott T. Earle <searle@cohenseglias.com> |
| **Sent:** | Tuesday, December 11, 2012 1:21 PM |
| **To:** | 'Dave Shafkowitz' |
| **Subject:** | RE: Emory Hill - MR Fruzz [CSPGF-Active,FID366322] |

Dave,

Good afternoon. I reviewed the charges that MrFruz LLC disputes with Emory Hill. All of the charges relate to onsite work related to the project and were authorized under Article B.2.1 of the subcontract. Therefore, in our view, Mr. Fruz position below is untenable and is not in good faith. In any event, as Mr. Fruz is not authorized to conduct business in Delaware, I served the Delaware Secretary of State, which is permitted under Delaware law. The Kent County sheriff office informed me that service was made upon Mr. Fruz on 12/10/2012. Therefore, Mr. Fruz has up and including December 31 to answer the Complaint and Statement of Mechanics Lien. The Christina Mall LLC, the owner, has been served and has not yet answered the Complaint and Statement of Mechanics Lien and the time period for the owner to answer is now past due. The owner has never requested an extension of time to answer. Please advise through your client that the owner is required to answer the complaint, otherwise, default judgment will be taken against the owner.

Kind Regards,

Scott

**From:** Dave Shafkowitz [mailto:dms@shafkowitzlaw.com]
**Sent:** Friday, November 16, 2012 10:04 AM
**To:** Scott T. Earle
**Cc:** Francone, Frank
**Subject:** Emory Hill - MR Fruzz

Scott - Attached is a spreadsheet showing the amounts already paid by my client with regard to work allegedly done by Emory Hill, the discrepancies from the budget amount as compared to the amounts allegedly incurred or approved and the amounts in dispute. As you will see approximately $90,000 have already been paid to sub contractors, including $20,000 to your client, of which there was no explanation of how it was applied.

The major discrepancies involve charges for "general conditions" which were not part of the agreement, charge for supervision which was not part of the agreement, charge for interest, of which there is no proof any of it was incurred or paid and a blatant overcharge from your client regarding frame and trim.

Please review with your client and advise on how you would like to proceed.

In the meantime, I want to confirm that you agreed to provide the appropriate extension of time to respond to the filing in this case and confirm your representation that all documents that have been filed in this matter have been provided to my office. If for some reason my understanding is incorrect in any way, please advise immediately.

Thanks.